Green, J.
delivered the opinion of the court.
This is an action of covenant upon the following agreement:
“Articles of agreement made and entered into this 6th of December, 1841, between Stephen P. Halloway, on behalf of the estate of Samuel Y. Tanner, of the one part, and Robert J. Lacy of the other part, witnesseth; that the said S. P. Hal-loway agrees, on his part, to pay the said R. J. Lacy the sum of two hundred and twenty-five dollars for his services as overseer of said estate of S. Y. Tanner. And the said R. J. Lacy, for his part, agrees to attend strictly to the business affairs and interest of said estate, to do and perform every thing which may be requisite, and necessary, and customary in the capacity of overseers; and to be governed in all things according to the instructions of said J. P. Halloway; and the said Lacy is to commence overseeing on the 1st January, 1842. In testimony,” &c.
The court told the jury, that the undertaking of the' defendant in this covenant was independent of the plaintiff’s undertaking, and obliged the defendant to pay the sum of money therein specified, whether the plaintiff ever performed his undertaking or not. The jury found for the plaintiff, and the defendant appealed to this court.
*469 The only question in this ease is, whether the Circuit Court construed this covenant correctly. The relative position of the stipulations in this covenant, and the failure to specify at what time the money was to be paid, favor the construction of the Circuit Court, and inclined our minds, when the case first came up for consideration, to concur with the judgment of his Honor. But subsequent reflection satisfies us that the covenants of the parties are dependent.
Courts are strongly inclined, to favor this construction as being obviously the most just. 1 Peters, 465. No technical words are necessary to render a stipulation precedent or subsequent. Nor does it depend on the position of the words; but it rests on the good sense and plain understanding of the contract, and the acts to be performed by the parties respectively. 2 John. Rep. 148; 1 Chitty’s PL 279; 5 Ed. Again: Chitty says: (1 Ch. PI. 280, 5. Am. Ed.) “In general, if the agreement be, that one party shall do an act, and for the doing thereof the other shall pay a sum of money, the doing of the act is a condition precedent to the payment; and the party who is to pay, shall not be compelled to part with his money till the thing shall be performed.” See John. Rep. 146; 10 John. R. 208, 266.
In this covenant Lacy undertakes to be overseer for Hallo-way, to commence the 1st of January, 1842; and for that service, Halloway undertakes to pay the sum of $225. Now, although it is not stated at what time the money is to be paid, yet as it is to be paid for Lacy’s services as overseer, the sense of the contract, and the evident meaning of the parties, are, that the money is tobe paid when the services shall be performed.
We think, therefore, that this is a dependent covenant, and that the plaintiff must prove a performance on his part, to entitle to recover on the covenant.
Reverse the judgment, and remand the cause.